UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEAH WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-1409 PLC |
| | ) |
| AR RESOURCES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This putative class action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Plaintiff Aleah Worley alleges that Defendant AR Resources, Inc. sent her a collection letter ("Letter") in violation of several provisions of the FDCPA. Pending before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] [ECF No. 6] For the reasons stated below, the Court grants the motion.

**I. Materials considered**

As a preliminary matter, the Court must determine whether, in resolving this motion to dismiss under Rule 12(b)(6), it may consider documents attached as exhibits to the motion to dismiss. With its motion to dismiss, Defendant submitted a copy of the Letter and a printout from the Florida Secretary of State's website. [ECF Nos. 6-2, 6-3] The inclusion of matters outside the pleadings may convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "documents necessarily embraced by the complaint are not matters outside the pleading[s]." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (quoting Enervations, Inc. v. Minn. Min. & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir.

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 10).

2004)).

The petition refers extensively to the Letter, and the Letter is clearly integral to Plaintiff's claims. The Court therefore finds that it may consider the Letter in resolving the instant motion because the Letter is "embraced by the pleadings." Additionally, the Court takes judicial notice of the printout from the Florida Secretary of State's official website. See Brakebill v. Jaeger, 905 F.3d 553, 562 n. 5 (8th Cir. 2018) (recognizing "the authority to take judicial notice of the state's official website"); Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 793 (8th Cir. 2016) (same). Accordingly, in deciding this motion, the Court considers both exhibits submitted by Defendant and declines to convert the motion to a summary judgment motion under Rule 12(d).

## II. Factual and Procedural Background

The facts, as alleged in the petition and in light of the Letter, are as follows: Plaintiff is a "consumer" and Defendant is a "debt collector" as defined in the FDCPA. As a debt collector, Defendant "regularly collects or attempts to collect defaulted consumer debts due or asserted to be due to another[.]" [ECF No. 3 at ¶ 12]

Defendant sent Plaintiff the Letter, dated May 9, 2018, "to attempt to collect an alleged consumer debt from the Plaintiff." [ECF No. 3 at ¶¶ 14, 15] The top, right side of the Letter contained a caption with the following "reference" line: "Re: JFK MEDICAL CENTER." Somewhat below that caption and to the left, the Letter stated:

| Creditor | Account # |
|---|---|
| EMER PHYS SOLUTIONS OF | [redacted]3609 |
| EMER PHYS SOLUTIONS OF | [redacted]7409 |

To the right of the creditor information, the Letter provided:

```
    Regarding              Amt Owed           Serv Date
    JFK MEDICAL CENTE      1487.00            01/15/18
    JFK MEDICAL CENTE      1006.00            01/14/18
                           ------------------
                           2493.00
```

The first sentence of the Letter advised: "[O]ur client, EMER PHYS SOLUTIONS OF S FLORI, JFK MED, has referred your account to us for collection."

Plaintiff filed a petition in the Circuit Court of St. Charles County, Missouri alleging three counts under the FDCPA.[2] The basis for all three counts is Plaintiff's claim that the Letter did not "correctly identify the name of the creditor to whom the debt is owed" because an unsophisticated consumer would not understand whether the creditor was EMERG PHYS SOLUTIONS OF S FLORI or JFK MEDICAL CENTER. [ECF No. 3 at ¶ 24]

Defendant removed this action to this Court pursuant to 28 U.S.C. § 1446 for federal question jurisdiction. The FDCPA, upon which Plaintiff's claims are based, grants this court subject matter jurisdiction without regard to the amount in controversy. 15 U.S.C. § 1692k(d). Defendant has moved to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. [ECF No. 6] Plaintiff opposes the motion. [ECF No. 9]

**III.    Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)). "A claim has facial plausibility when the plaintiff pleads

---

[2] Plaintiff seeks declaratory and monetary relief for her claims that Defendant violated: (1) § 1692(a)(2) by failing to identify the name of the current creditor; (2) § 1692e by using false, deceptive, or misleading communications; and (3) §§ 1692d and 1692f by engaging in conduct that was harassing, abusive, oppressive, unfair, or unconscionable. [ECF No. 3]

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

IV. **Discussion**

Defendant asserts that the Plaintiff's petition must be dismissed "because the Letter does not violate the FDCPA." [ECF No. 6-1 at 4] More specifically, Defendant maintains that the Letter identified the creditor and therefore did not violate the FDCPA. Plaintiff counters that she pleaded sufficient facts to state a claim upon which relief can be granted because the Letter was "ambiguous and confusing to the unsophisticated consumer." [ECF No. 9 at 2]

The FDCPA broadly "prohibits a debt collector from making a false, deceptive or misleading representation or means in connection with the collection of any debt" and "from using unfair or unconscionable means to collect or attempt to collect any debt." Haney v. Portfolio Recovery Assocs., LLC, 895 F.3d 974, 981 (8th Cir. 2016) (quotation omitted). "When evaluating whether a communication is false, deceptive, or misleading, a court considers the perspective of an 'unsophisticated consumer.'" Id. (quoting Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002)). This standard "protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." Id. (quoting Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004)).

Section 1692g of the FDCPA requires debt collectors to send debtors written notices containing specific information, including "the name of the creditor to whom the debt is owed[.]"

4

15 U.S.C. § 1692g(a)(2). Section 1692e prohibits "[t]he use of any false, deceptive, or misleading representations or means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Sections 1692d and 1692f forbid "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692d, 1692f.

Plaintiff alleges that Defendant violated all four of these provisions by including in the Letter names of two entities – EMER PHYS SOLUTIONS OF S FLORI and JFK Medical Center. According to Plaintiff, an "unsophisticated consumer would have no way of knowing who was billing her when both were stated on the collection letter." [ECF No. 9 at 3]

Upon review, the Court finds that the Letter complies with the requirements of section 1692g(a)(2) by naming EMER PHYS SOLUTIONS OF S FLORI as the creditor. In fact, the Letter twice identifies EMER PHYS SOLUTIONS OF S FLORI as the creditor. First, it lists "EMER PHYS SOLUTIONS OF" under the heading "Creditor." Second, it explains that "our client, EMER PHYS SOLUTIONS OF S FLORI, JFK MED, has referred your account to us for collection."

The fact that the name "JFK MED" follows "EMER PHYS SOLUTIONS OF S FLORI" would not confuse an unsophisticated consumer. The Letter makes reasonably clear that EMER PHYS SOLUTIONS OF S FLORI was the creditor, and the services were provided at JFK Medical Center. Including JFK Medical Center to clarify where the services were rendered would not cause an unsophisticated consumer to believe that JFK Medical Center was the creditor.

Plaintiff further suggests that the Letter fails to identify the creditor because it did "not

5

even take the time to spell out the alleged creditor, instead, at its most descriptive stating, 'EMER PHYS SOLUTIONS OF S FLORI.'" [ECF No. 9 at 3] However, nothing in the FDCPA requires a debtor to spell out its entire name. The Letter clearly refers to a medical debt, because it states "Re: JFK MEDICAL CENTER." In the context of a medical debt (incurred at JFK Medical Center), an unsophisticated consumer could deduce that the "EMER PHYS SOLUTIONS of S FLORI" stood for "Emergency Physicians Solutions of South Florida."

Plaintiff argues that, even if an unsophisticated consumer were able to decipher the abbreviation EMER PHYS SOLUTIONS OF S FLORI, "she still would not be able to quickly and simply find the company" by searching the Florida Secretary of State website. [ECF No. 9 at 6] Plaintiff cites no authority in support of the proposition that the ability to locate a corporation on a state's website is a condition, or even a factor, in determining whether the creditor was adequately identified. Regardless, the argument fails because Defendant has demonstrated that a search of the Florida Secretary of State's website yields results for Emergency Physicians Solutions of South Florida. [See ECF No. 6-3]

In support of her position that Defendant failed to identify the creditor, Plaintiff cites Lee v. Forster & Garbus LLP, 926 F.Supp.2d 482 (E.D. N.Y. 2013) and McGinty v. Prof'l Claims Bureau, Inc., No. 15-CV-4356-SJF-ARL, 2016 WL 6069180 (E.D. N.Y. Oct. 17, 2016). These cases are inapposite.

In Lee, the debt collector, NCOP, purchased the right to collect from the plaintiff a consumer debt that the plaintiff originally owed Capital One. 962 F.Supp.2d at 485. NCOP's representative, Forster & Garbus, sent the plaintiff a collection letter with two "reference" lines that stated: "Re: NCOP XI,LLC A/P/O CAPITAL ONE." Id. The court held that the plaintiff stated a plausible claim for violations of sections 1692g, 1692e, and 1692f because: "the letter

6

does not clearly and effectively convey [NCOP's] role in connection with the debt" and the "unusual abbreviation 'A/P/O' and the name of the original creditor, easily could have failed to alert the least sophisticated that her debt was now owned by NCOP." Id. at 487. Unlike the collection letter in Lee, the Letter before this Court clearly advises the consumer that EMER PHYS SOLUTIONS OF S FLORI is the creditor and Defendant currently owns that debt.

In McGinty, the court considered two collection letters sent by the defendant debt collector, with captions stating "Re: ST CATHERINE OF SIENNA" and "Re: NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY," respectively, and that the plaintiff's accounts "have been referred to [the defendant's] office's for collection." 2016 WL 6069180, at *1. The court denied the defendant's motion to dismiss for failure to state a claim because the letters "fail[ed] to make clear on whose behalf [the defendant] was acting when it sent the Collection Letters." Id. at *4. Simply including the names of creditors, without more, did not satisfy the requirements of section 1692g(a)(2). Id. McGinty does not help Plaintiff because, here, the Letter states that EMER PHYS SOLUTIONS OF S FLORI is the "creditor" and Defendant's "client."

V. Conclusion

For the reasons explained above, Plaintiffs claims for relief under the FDCPA fail because Defendant's Letter clearly identified Emergency Physicians as the creditor. Accordingly,

7

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) [ECF No. 6] is **GRANTED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2019